<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000280**
**24-APR-2023**
**08:01 AM**
**Dkt. 51 SO**

NO. CAAP-22-0000280

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JORDAN VALENTE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NOS. 5PC12-1-000209 AND 5PC15-1-000157)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Jordan K. Valente (**Valente**) appeals from the March 30, 2022 "Order[s] Granting Motion for Modification of Terms and Conditions of Probation" in Case Nos. 5PC121000209 and 5PC121000157 (**Orders Granting Modification**), filed and entered by the Circuit Court of the Fifth Circuit.[1]

Valente raises three points of error on appeal, contending that the Circuit Court erred by: (1) failing to

---

[1] The Honorable Kathleen N.A. Watanabe presided.

dismiss the motions to modify because the motions were based on an alleged violation of a probation condition "that was not specifically included in the court's written copies" provided to Valente; (2) finding there was sufficient evidence to establish that Valente violated special condition H (**Condition H**); and (3) finding that Valente had inexcusably failed to comply with Condition H.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Valente's points of error as follows, and reverse.

At the January 25, 2022 resentencing hearing, the Circuit Court directed Valente to enter the Salvation Army Adult Rehabilitation Center (**Salvation Army ARC**), and separately, to participate in programs of rehabilitation as directed by his probation officer until clinically discharged, stating that:

> THE COURT: . . . You are to attend and complete the Fifth Circuit HOPE program and comply with all the requirements of the HOPE probation program, and if you fail to do that it will be considered a violation of a substantial condition of probation. As such, your probation may be revoked and you could be resentenced to the maximum term, which is, in this case, five years in prison.
>
> In terms of jail, the Court is ordering that -- you've been in jail now since October; correct? All right. So I'm going to note that -- in the record we're going to note that you are to be confined in jail for a period of 60 days -- well, let me just take that back. You're going to be held in jail until February 4th and released at 6:00 a.m. on that date. You are going to go directly to the airport, get on the plane, get picked up by the A.R.C. staff and then be brought over directly to A.R.C. . . .
>
> . . . .
>
> You shall participate in any programs of rehabilitation as directed by your probation officer. This should be at your own expense, and includes but is not limited to a substance abuse evaluation and treatment and testing, pain management evaluation and treatment, and individual or family counseling, until clinically discharged.

. . . .

Now, as to Criminal No. 5 PC 15-1-157, . . . once again, you're subject to supervision and you are to follow all instructions given by your HOPE probation officer. Once again, the term of probation for this case is five years. You are to attend and complete the HOPE probation program.

. . . .

And as far as jail, you will be held until February 4th at 6:00 a.m., at which time you will be released, and this will be for you to be transported to and to participate in the A.R.C. program.

On March 10, 2022, the State filed identical "Motion[s] for Modification or Revocation of the Terms and Conditions of Probation" (**Motions to Modify**) in both cases, which moved for "an order modifying or revoking" Valente's probation "due to violation(s) of his terms and conditions." The Motions to Modify attached the Declaration of Probation Officer Kiana T. Bridgeman (**P.O. Bridgeman**), who declared that Valente "violated the terms and conditions . . . in the following manner: On March 8, 2022 [Valente] was non-clinically discharged from the [(Salvation Army ARC)] residential substance abuse treatment program."

On March 24, 2022, Valente filed an opposition to the Motions to Modify, arguing that the motions "fail[ed] to provide [Valente] with proper notice of the grounds upon which the motion is being filed as the motion fail[ed] to allege what conditions of his probation [Valente] allegedly violated." Valente denied that he violated probation, and that even if he had, he had been medically discharged from treatment, and thus, the violation was excusable. Valente requested the Circuit Court deny the Motions to Modify.

At the March 30, 2022 hearing on the Motions to Modify, the State argued that Valente had been provided with written copies of the Circuit Court's January 25, 2022 "Order[s]

3

of Resentencing" in both cases, and that it was clear that Valente had violated Condition H. Condition H provided:

> H. You shall participate in any and all programs of rehabilitation as directed by your probation officer at your own expense, including but not limited to substance abuse evaluation/treatment/testing, pain management evaluation/treatment, and individual and/or family counseling until clinically discharged.

The Order of Resentencing in 5PC151000157 imposed "[a]ll pertinent conditions imposed in Cr. No. 5PC121000209[.]" The Circuit Court ruled that the condition at issue was Condition H:

> THE COURT: Okay. All right. The Court read the opposition and the Court is in agreement with the State's position in preparing for this. It's very apparent to the Court that [Condition] H is sort of that catch-all regarding any kinds of programs of rehabilitation. This was attached to the motion filed on March 10th, 2022. So the Court finds that adequate notice was given.

The State called P.O. Bridgeman, who testified that Valente was resentenced to probation in 5PC121000157 and 5PC121000209 on January 25, 2022, and that the Circuit Court went over the terms of probation with Valente in open court. P.O. Bridgeman stated that Valente signed off on the terms and conditions of probation on January 25, 2022, but she was unable to review the conditions with Valente until March 10, 2022, due to his incarceration.

P.O. Bridgeman testified on direct and redirect examination that Valente was directed to complete Salvation Army ARC, and he was not clinically discharged; but P.O. Bridgeman did not specifically state who gave Valente this direction. However, on cross-examination, she agreed that the terms and conditions of probation did not "specifically reference the Salvation Army A.R.C. program[.]" Per a March 8, 2022 letter from Salvation Army ARC, Valente was discharged due to medical reasons.

4

At the conclusion of the hearing, the Circuit Court granted the Motions to Modify, based on the testimony, exhibits, and arguments presented, "the fact that Mr. Valente is before the Court on a 14th violation of HOPE probation," and that Valente was "in non-compliance with a substantial term or condition of his HOPE probation[.]" The Circuit Court stated: "I'll treat this as a modification of both of the cases," and issued the modification of a 242-day jail term with credit for time served, but provided, *inter alia*, that after serving 30 days, Valente "may be released" to an inpatient substance abuse treatment program approved by his probation officer.

**(1)** Valente argues that the Circuit Court erred by "failing to dismiss" the Motions to Modify "based on the alleged violation of a condition of probation that was not specifically included in the [Circuit] Court's written copies of the terms and conditions of probation that was provided to Valente."

This first point of error does not state where in the record the alleged error of the Circuit Court "failing to dismiss" the Motions to Modify occurred, or where a request for dismissal was "brought to the attention" of the Circuit Court. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(ii) and (iii) (requiring points of error to state "where in the record the alleged error occurred" and where the alleged error "was brought to the attention of the court . . . ."). The record reflects an opposition to the Motions to Modify was filed, but Valente does not identify where and how a request for dismissal was made. We do not address this point of error. See HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded . . . .").

**(2)** Valente argues that the Circuit Court "erred in finding that there was sufficient evidence" that Valente violated Condition H because "the evidence established that [P.O. Bridgeman] admitted that she never directed Valente to enter into any substance abuse treatment program until clinically discharged." In its Answering Brief, the State acknowledges that "the court, rather than [Valente's] probation officer, directed him to enroll in the Salvation Army [A.R.C.] program until clinically discharged," and noted that "[Valente]'s probation officer, [P.O.] Bridgeman, testified at the March 30, 2022 hearing that she probably did not instruct him to enroll in residential treatment." Valente's argument has merit.

A finding of fact "is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." In the Interest of DM, SCWC-20-0000485, 2023 WL 2520508, at *5 (Haw. Mar. 15, 2023) (citation omitted).

Here, the Circuit Court's finding that Valente was "in non-compliance" with probation, was not supported by substantial evidence. Instead, the record supports the State's acknowledgment on appeal that the Circuit Court, rather than P.O. Bridgeman, directed Valente to enter the Salvation Army ARC program. P.O. Bridgeman testified that she did not review the probation conditions with Valente until March 10, 2022, which is the date she filed the Motions to Modify:

> Q    [(BY STATE)] . . . So did the Court then go over the conditions with the defendant?
>
> A    [(BY P.O. BRIDGEMAN] Yes.
>
> Q    And at some point did you go over the conditions with the defendant?

A    Yes.

Q    And when was that?

A    That was on March 10, 2022.

P.O. Bridgeman never testified that she directed Valente to complete the program, but only that Valente was directed to complete the program, and that he was not clinically discharged.[2] We note that during the January 25, 2022 hearing, the Circuit Court advised Valente that he was to enter the Salvation Army ARC program, but there was no stated requirement about completing the program until clinically discharged. Further, P.O. Bridgeman admitted that the terms and conditions of probation did not reference Salvation Army ARC:

> Q    [(DEFENSE COUNSEL)] I want to focus, I guess, back on the terms and conditions. Nowhere in the terms and conditions of his probation does it specifically reference the Salvation Army A.R.C. program; correct?
>
> A    [(BY P.O. BRIDGEMAN] Correct.

Nothing in P.O. Bridgeman's testimony indicates that P.O. Bridgeman **herself** directed Valente to specifically participate in the Salvation Army ARC program, as Condition H requires.

The record does not contain substantial evidence to support the Circuit Court's factual finding that Condition H was

---

[2]    The transcript reflects the following direct examination:

Q    [(BY STATE)] And was the defendant directed to complete Salvation Army A.R.C.?

A    [(BY P.O. BRIDGEMAN] Yes.

Q    Was he clinically discharged?

A    No.

On redirect examination, P.O. Bridgeman again testified, as follows:

Q    [(BY STATE)] I just want to make sure that the defendant was directed to do a rehabilitation program; correct?

A    [(BY P.O. BRIDGEMAN)] Yes.

violated, and thus, this finding was clearly erroneous.  See <u>DM</u>, 2023 WL 2520508, at *5.

**(3)**  Based on the above, it is not necessary to address Valente's third point of error.

For the foregoing reasons, we reverse the March 30, 2022 "Order[s] Granting Motion for Modification of Terms and Conditions of Probation" in Case Nos. 5PC121000209 and 5PC121000157, filed and entered by the Circuit Court of the Fifth Circuit.

DATED:  Honolulu, Hawaiʻi, April 24, 2023.

| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
|---|---|
| Tracy Murakami,<br>Deputy Prosecuting Attorney<br>for Plaintiff-Appellee. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| William H. Jameson, Jr.,<br>Public Defender for<br>Defendant-Appellant. | /s/ Karen T. Nakasone<br>Associate Judge |